IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JACKIE L. BAKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. |
| v. | : | 5:25-CV-325 (CAR) |
| | : | |
| MAIN STREET AUTOMOTIVE, | : | |
| MAGIC MECHANIC, and ALPHA | : | |
| AUTOMOTIVE, | : | |
| | : | |
| Defendants. | : | |

**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS**

Currently before the Court is *pro se* Plaintiff Jackie L. Baker's Motion to Proceed *In Forma Pauperis* ("IFP") [Doc. 2]. Plaintiff seeks to initiate a lawsuit against three automotive mechanic shops after the engine in her vehicle "locked up and is now sitting at [the] shop with no explanation or communication."[1] Plaintiff states she has sent several demand letters asking for repairs "or at least an explanation of what cause [the] damage or issue." For the reasons explained below, the Court **GRANTS** Plaintiff's Motion to proceed IFP [Doc. 2], but a review of her Complaint shows a lack of any basis for the Court to conclude it possesses subject-matter jurisdiction over this case. The parties are not diverse, and therefore this Court lacks jurisdiction under 28 U.S.C. § 1332 (diversity

---

[1] Compl., p. 4 [Doc. 1].

1

of citizenship), and Plaintiff fails to adequately invoke 28 U.S.C. § 1331 (federal question jurisdiction). Thus, Plaintiff's Complaint is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**A. Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[2] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[3] The Court should accept statements contained in an IFP affidavit, "absent serious misrepresentation."[4] Although a litigant need not show he is "absolutely destitute" to qualify under § 1915(a), he must show that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."[5]

---

[2] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306, n. 1 (11th Cir. 2004).
[3] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).
[4] *Id.*
[5] *Id.* (citation omitted).

The Court has reviewed Plaintiff's application to proceed IFP and is satisfied that she cannot pay the court fees because of her poverty. Plaintiff states her average monthly income is $1,200 per month from self-employment, which does not cover her total basic monthly expenses of approximately $2,300, including rent, utilities, medical bills, clothing, and food. Thus, Plaintiff qualifies as a pauper under §1915, and her Motion for IFP is **GRANTED**.

**B. Preliminary Screening**

Because Plaintiff is proceeding IFP, the Court is required to screen her Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[6] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[7]

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" and the legal theories "indisputably meritless," or when it is apparent that "the defendant's absolute immunity justifies dismissal before service

---

[6] 28 U.S.C. § 1915(e)(2)(b).
[7] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

of process."[8] As a result, "[d]ismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face'"[9] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[10] However, *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[11]

Independent of the Court's duty under § 1915(e) to evaluate the claim of a party proceeding IFP, the Court also has an obligation to ensure that subject-matter jurisdiction exists. "As the Federal Rules of Civil Procedure state, '[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'"[12] A complaint is also deemed "frivolous" under § 1915 where there is no subject-matter jurisdiction.[13]

The Court cannot exercise jurisdiction over this case pursuant to diversity of citizenship. Under 28 U.S.C. § 1332, district courts have original jurisdiction over all civil actions where the matter in controversy exceeds sum or value of $75,000 and is between citizens of different states.[14] Plaintiff clearly states in her Complaint that she and all

---

[8] *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).
[9] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).
[10] *See, e.g., Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).
[11] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).
[12] *Williams v Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11th Cir. 2013) (quoting Fed. R. Civ. P. 12(h)(3)).
[13] *Davis v. Ryan Oaks Apt.*, 357 F. App'x 237, 238-39 (11th Cir. 2019); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").
[14] 28 U.S.C. § 1332(a).

Defendants are citizens of the same state—Georgia. Thus, the Court lacks diversity jurisdiction.

The Court also cannot exercise jurisdiction pursuant to a federal question. A federal question exists if a civil action arises "under the Constitution, laws, or treaties of the United States."[15] Plaintiff asserts no federal claim. Indeed, although on her form Complaint Plaintiff checks the "Federal Question" box in response to the question, "What is the basis for federal court jurisdiction?," she lists "State law, State statutes" in response to the prompt to list the specific federal statutes, treaties, and/or provisions of the United States Constitution that are at issue in this case.[16]

Moreover, her allegations allege violations of Georgia state law. As is its duty, the Court has scrutinized Plaintiff's Complaint and liberally construed her assertions.[17] Plaintiff alleges Defendants improperly repaired her vehicle, failed to address "a known problem," and used faulty and incorrect parts which led to "significant damages [including a] blown engine[.] [The] shop didn't acknowledge part or labor warranties."[18] Plaintiff alleges she paid "misdiagnosis and costly repair bills from faulty repairs within warranty period."[19] Ultimately, it appears the "[e]ngine locked up and is now sitting at

---

[15] 28 U.S.C. § 1331.
[16] Compl., p. 3.
[17] *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").
[18] Compl., p. 4.
[19] *Id.*

shop with no explanation or communication."[20] It appears she contends Defendant Main Street Automotive owes her $8,400, Defendant Magic Mechanic owes her $4,200, and Defendant Alpha Automotive owes her $4,200.[21]

Plaintiff's allegations sound in negligence and breach of contract, and thus are violations of Georgia state law, and must be brought in state court. Her allegations do not indicate her claims arise under the Constitution, laws, or treaties of the United States. Thus, the Court lacks federal question jurisdiction.

## CONCLUSION

Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED.**  However, Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction.

**SO ORDERED**, this 12th day of May, 2025.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

---

[20] *Id.*
[21] Motion for IFP, p. 3 [Doc. 2].